SAMUEL A. PRICKETT v. STATE.

167 So. 695.
Division B.
Opinion Filed April 21, 1936.

*Roach & Hoyle,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—This case is before us on certiorari challenging the judgment of the Circuit Court in dismissing the appeal of the petitioner presented to that court on the record of a judgment of conviction in the County Court of Broward County.

The appeal was taken under the provisions of Chapter 7841, Acts of 1919, Section 4645 C. G. L. The appeal was dismissed in the Circuit Court because, as it is said in the order dismissing the case:

"A casual examination of the record sent up to this court would disclose that no Judgment or Sentence was

included therein and that the paper writing which purports to be a Sentence or Judgment was a mere nullity. The affidavit gives no sufficient excuse for failure to inspect the record and inform himself of its defects. 'It is incumbent on a party when he assigns errors, to see that the record is in the condition in which he is entitled to have it. If he proceeds upon an imperfect transcript, and the judgment of the court is against him, he cannot, as a matter of right, claim a certiorari to the inferior tribunal.' "

The transcript presented to us shows copy of the information filed on November 6, 1938; copy of motion to quash the information filed November 22, 1933; copy of order overruling motion to quash the information; copy of motion for better bill of particulars; order overruling motion for better bill of particulars; verdict of the jury; and it also shows that on the 23rd day of November, 1933, motion for new trial was presented and overruled. It shows that motion in arrest of judgment was presented and on the 28th day of November, 1933, same was overruled and that thereupon the following judgment was pronounced:

"And thereafter, on the 1st day of December, 1933, the Judge presiding pronounced in open court judgment of the court against the defendant in words and figures as follows:

"State of Florida v. Samuel A. Prickett. Culpable Negligence.

"The prisoner being at the bar in custody of the Sheriff was asked by the Court if he had or knew anything to say why the sentence of the law and judgment of the Court should not be pronounced upon him and he saying nothing in bar or preclusion thereof, the Judge proceeded to pronounce the following sentence:

"You having been convicted of the charge of the information of culpable negligence, the Court adjudges you to be

guilty; it is, therefore, the judgment of the court and sentence of the law that you, SAMUEL A. PRICKETT, for your said offense pay a fine of $250.00 and costs of this Court, and in default thereof that you be confined at hard labor in the County Jail of Broward County, Florida, for the term of SIX (6) MONTHS.

"The prisoner was thereupon remanded to the custody of the Sheriff of Broward County, Florida.

"The above judgment appears in the County Court, Broward County, Florida, Minutes of Friday, December 1st, A. D. 1933.

"Filed March 5, 1934, E. R. Bennett, Clerk.
"By Chas. H. Gordon, D. C."

On December 2, 1933, an Order was entered fixing supersedeas.

Other papers and copies of the minutes are included in the record. Then follows a recital as follows:

"And thereafter on March 5, 1934, the following paper was filed in the above stated cause, in words and figures, to-wit:

"COUNTY COURT, BROWARD COUNTY, FLORIDA.

"MINUTES OF FRIDAY, DECEMBER 1, A. D. 1933.

"STATE OF FLORIDA v. SAMUEL A. PRICKETT.—CULPABLE NEGLIGENCE.

"The prisoner being at the bar in custody of the Sheriff was asked by the Court if he had or knew anything to say why the sentence of the law and judgment of the Court should not be pronounced upon him and he saying nothing in bar or preclusion thereof, the Judge proceeded to pronounce the following sentence:

" 'You having been convicted of the charge of the information of culpable negligence, the Court adjudged you to be

guilty; it is, therefore, the judgment of the Court and sentence of the law that you, SAMUEL A. PRICKETT, for your said offense pay a fine of $250.00 and costs of this Court, and in default thereof that you be confined at hard labor in the County Jail of Broward County, Florida, for the term of SIX (6) MONTHS.'"

To all these papers is attached a certificate of the Clerk of the County Court in and for Broward County, in part, as follows:

"To the Honorable Boyd H. Anderson, Judge of the above styled Court:

"I, E. R. Bennett, Clerk of the County Court in and for Broward County, State of Florida, do hereby certify that the following constitute all the papers and proceedings of record in my office that have been filed herein in the above stated case, including the final judgment rendered therein, to-wit:

"1. Information for Culpable Negligence.
2. Defendant's Motion to Quash Information.
3. Order of Court overruling Motion to Quash Information.
4. Defendant's Motion for Better Bill of Particulars.
5. Order of Court overruling Motion for Better Bill of Particulars.
6. Verdict of Jury.
7. Sentence and Judgment of the Court.
8. Motion for new trial."

Other parts of the certificate are not material here. Thereupon the following appears:

"To the Honorable Geo. W. Tedder, Judge of the 22nd Judicial Circuit Court in and for Broward County, Florida:

"I hereby certify that the following pages and proceedings, all the records in the above stated case in said Court, which said records are, to-wit:

"1. Information for Culpable Negligence.
2. Defendant's Motion to Quash Information.
3. Order of Court denying Motion to Quash Information.
4. Motion for Better Bill of Particulars.
5. Order of Court denying Motion for Better Bill of Particulars.
6. Verdict of Jury.
7. Sentence and Judgment of Court.
8. Motion for New Trial.
9. Motion in Arrest of Judgment.
10. Order denying Motions for New Trial and Arrest of Judgment."

Other parts of this certificate are immaterial but it is signed by "Boyd H. Anderson (Seal), Judge County Court of Broward County, Florida."

We hold that as the Certificate of the Clerk of the County Court and the Certificate of the Judge show that the judgment hereinbefore quoted was pronounced on the first day of December by the Judge of the County Court, it became and was immaterial that it appears from the recital in the transcript that the paper, that is the written judgment, was filed in the cause on March 5th, 1934. This is also true because the paper which the recitation says was filed on March 5th, 1934, bore date "County Court, Broward County, Florida, Minutes of Friday, December 1st, 1933." And then is again set out the identical judgment which we find previously set forth in the transcript.

The pronouncement of the judgment constitutes its entry

and the record of the judgment is evidence of its pronouncement. Therefore, when the judgment was pronounced on December 1st, 1933, by the Judge of the County Court in open court it then became binding, and of full force and effect, when entered as of the date of its pronouncement, though it may not have been written out and filed until some time later.

The appeal was entered from the County Court to· the Circuit Court on the 13th day of December, 1933. So the judgment was pronounced and entered on the court minutes before the notice of appeal was entered and there was really no necessity whatever for a separate paper being filed in the County Court setting forth the judgment. It is apparent that the Clerk of the County Court pursuing · sub-section 4 of Section 4645 C. G. L., made a copy of the judgment as it appeared on the minutes of the County Court and filed it in the County Court on March 5th before sending it up to the Circuit Court and thereby caused all the confusion.

The transcript of the record here shows that the papers and certificates sent up from the County Court to the Circuit Court were amply sufficient to show the entry of judgment against the defendant on December 1, 1933. Therefore, the Circuit Court departed from the essential requirements of the law in entering the Order dismissing the appeal. The order dismissing the appeal became the final judgment of the Circuit Court.

For the reasons stated, the judgment of the Circuit Court, dismissing the appeal is quashed.

So ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.